Leo L. Jacques, *Guardian vs.* Albert C. Swallow *et al.*

JANUARY 12, 1951.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a bill in equity for the construction of certain provisions of the eleventh clause of the will of Frederick Swallow, late of the town of North Providence, deceased, hereinafter sometimes referred to as the testator. The cause was heard in the superior court on bill, answers and proof and being ready for hearing for final decree has been certified for our determination in accordance with general laws 1938, chapter 545, §7.

The complainant is the guardian of the person and estate of Myrtie T. Swallow, second wife of the testator, and the respondents are four children by his first marriage and the respective spouses of three of said children, the fourth being unmarried. Certain of these respondents have filed answers admitting all of the allegations in the bill and have joined in the prayer for construction. A decree *pro confesso* has been entered against all other named respondents who have not appeared and filed answers. Guardians *ad litem* have been appointed to represent the interests of the said Myrtie T. Swallow, of all unascertained interests, and of all unknown persons who might be in the military or naval service of the United States. The guardians *ad litem* for unascertained interests and of those persons who might be in the military or naval service of the United States have filed answers submitting the interests of their respective wards to the care and protection of the court.

It appears from an examination of the papers that complainant, who is guardian of the person and estate of Myrtie T. Swallow, was also appointed as her guardian *ad litem* in this cause. As such guardian he has filed no answer in her behalf. We do not think, however, that failure to file such answer invalidates the certification, since in the particular circumstances of record there is no conflict between his interest as guardian of the person and estate of said Myrtie T. Swallow and his interest in her behalf as guardian *ad litem*.

The pertinent facts appearing in the record are as follows. The testator Frederick Swallow died in the town of North Providence in this state in 1947 leaving a last will and testament which was duly probated in the probate court of that town. He left surviving him his second wife and four children by his first wife. After testator's decease his surviving widow Myrtie T. Swallow became mentally incompetent, was committed to the state hospital for mental diseases, and on June 18, 1948 complainant was appointed by the probate court of North Providence as guardian of her person and estate. Since that time she has been transferred to a privately-operated convalescent home in Providence where she presently resides.

Under the eleventh clause of testator's will he gave, devised and bequeathed to his wife Myrtie T. Swallow all the residue of his estate, including a tract of land situated on the westerly side of Douglas avenue in said North Providence, "to be to her, with a full privilege to use, sell, convey and expend the same to and for her benefit during her lifetime, giving to her a full power of disposition of and over the same, and of and over the principal of the same, as well as of and over the income, rents and profits of the same for any purpose whatsoever, which she shall deem proper," and then provided that upon her death "any balance of said property and, estate, (as well as of the rents, income and profits thereof), which shall remain unexpended or in her hands and possession at the time of her death, shall go and pass" to his four children in the proportions therein stated.

On November 5, 1948 the probate court entered a decree, amended on February 7, 1949, empowering and authorizing the complainant, as guardian of the person and estate of Myrtie T. Swallow, to sell her interest in and to the real estate devised to her by testator under the eleventh clause of his will. Pursuant to the authority conferred by said decree, the complainant on December 8, 1948 entered into a written agreement with Albert A. Kaczmarek and his

wife Anna M. Kaczmarek, both of Providence in this state, for the sale of such real estate for the sum of $9,100. In consequence thereof a question has arisen as to the power of the petitioner, in his capacity as guardian of the person and estate of Myrtie T. Swallow alone, to execute and deliver a valid deed to the premises referred to in the will. The instant bill was filed to obtain answers to the following questions.

(1) Can the complainant, as guardian of the person and estate of Myrtie T. Swallow, exercise the power of disposition granted to his ward, Myrtie T. Swallow, under the eleventh clause of the will of Frederick Swallow? (2) Can the complainant, as guardian of the person and estate of Myrtie T. Swallow, by his deed alone convey the fee simple of the real estate referred to and described in the eleventh clause of testator's will to Albert A. Kaczmarek and his wife Anna M. Kaczmarek? (3) Should all the respondents, or any of them, be ordered to sign a quitclaim deed, which deed shall contain a provision that the respondents as remaindermen are not thereby waiving any rights which they may have in and to the proceeds of the sale of. said real estate, conveying their interest as remaindermen in and to such real estate to Albert A. Kaczmarek and his wife Anna M. Kaczmarek?

We are of the opinion from the broad language of the will that if Myrtie T. Swallow had remained mentally competent, at any time during her lifetime she could have disposed of the real estate referred to in the eleventh clause of testator's will. Thereunder she was given "a full privilege to use, *sell, convey* and *expend* the same to and for her benefit during her lifetime, giving to her a *full power of disposition of and over the same,* and of and over the principal of the same, as well as of and over the income, rents and profits of the same *for any purpose whatsoever, which she shall deem proper."* (italics ours) We do not think that her mental incapacity should deprive her

of the right to have this power exercised in her behalf by her guardian during her lifetime.

Courts are in general agreement that the intent of the testator is the primary consideration and that his wishes should be carried out if legally possible. Thus in *Boutelle* v. *City Savings Bank*, 17 R. I. 781, on somewhat analogous facts, where the will granted certain discretion to the executors and trustees to make conveyance in a specified contingency, the court said at page 785: "In this case we think the power is annexed to the office, and not to the person named as trustee in his individual character. The power is given to trustees, in the plural, as though the testatrix had in mind other trustees as successors. Moreover it is to continue while the property is 'held in trust.' This is equivalent to giving it to the trustees for the time being, and so within the rule of the cases cited above. Our conclusion is, that the complainant as trustee had the power to convey an interest in fee, and that the contract, therefore, should be performed."

Similar results are approved elsewhere. In the case of *Jones* v. *Clyman*, 193 Iowa 1248, a widow by her husband's will received a life estate with broad powers of disposition subject to being divested upon her remarriage. The widow later was adjudged insane and in affirming the right of her guardian to sell the estate in her behalf and for her interest the court said at page 1255: "It was the clear intent of the deceased to subject his estate, in the first instance, to the support and maintenance of his wife and children, and to that end he added to the widow's life estate a liberal power and discretion to sell and dispose of the property for that purpose; and when the widow became insane, and incompetent to exercise that power in her own behalf, it cannot be doubted that the court, through a properly qualified guardian, proceeding in the manner prescribed by statute, could and should direct such disposition of the property as would best accomplish the testator's expressed purpose."

522

We are of the opinion that the testator in the case at bar intended that his wife should benefit by the power he vested in her irrespective of whether she was mentally capable to take the necessary action to make such power effective. Hence we are of the further opinion that the duly appointed guardian of her person and estate, if necessity should arise to act for her benefit, as in the instant case, and especially after specific authorization by the probate court, could properly exercise such power in her place and stead and thereby convey all her right, title and interest in and to the real estate in question as fully as she might have done herself if she were *compos mentis*.

We therefore answer the first and second questions in the affirmative. In view of these answers the third question is answered in the negative. By this opinion we are not determining the rights of the respondents, if any, to the proceeds or any part thereof of the sale of the real estate here involved, nor the rights of such respondents to any unexpended balance of such proceeds in the hands of the guardian at the time of the death of his ward. Such questions are not before us in this proceeding.

On January 22, 1951 the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Leo L. Jacques, pro se ipso,* for complainant.

*John L. Curran,* for certain respondents.