**T. Everett STARRETT, Executor, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 4919.**

United States Court of Appeals First Circuit.

June 6, 1955.

Walter F. Gibbons, Providence, R. I., with whom James F. Armstrong, Providence, R. I., was on brief, for petitioner.

Melva M. Graney, Special Asst. to the Atty. Gen., with whom H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack and Lee A. Jackson, Sp. Assts. to Atty. Gen., were on brief, for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

Frank E. Tingley, a resident of Rhode Island, died October 3, 1948. In the estate tax return filed by his executor, a so-called "marital deduction" under § 812 (e) (1) (F) of the Internal Revenue Code, 26 U.S.C.A. was claimed in the full amount of the value of certain property which passed to the surviving spouse pursuant to paragraph 3, § 1, of Tingley's will, quoted hereinafter. The Commissioner of Internal Revenue ruled that such marital deduction was not allowable, and determined a deficiency accordingly. In the Tax Court of the United States this ruling of the Commissioner was upheld. The executor then duly petitioned this court for review of the Tax Court decision.

The elaborate provisions for this marital deduction were inserted in the Internal Revenue Code by § 361 of the Revenue Act of 1948, '62 Stat. 117, which added a new subsection (e) to § 812 of the Code, reading in part as follows:

"(e) Bequests, etc., to surviving spouse

"(1) Allowance of marital deduction

"(A) In general. An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

"(B) Life estate or other terminable interest. Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

"(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); * *

* * * * * *

"(F) Trust with power of appointment in surviving spouse. In the case of an interest in property passing from the decedent in trust, if under the terms of the trust his surviving spouse is entitled for life to all the income from the corpus of the trust, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire corpus free of the trust (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the corpus to any person other than the surviving spouse—

"(i) the interest so passing shall, for the purposes of subparagraph (A), be considered as passing to the surviving spouse, and

"(ii) no part of the interest so passing shall, for the purposes of subparagraph (B) (i), be considered as passing to any person other than the surviving spouse.

"This subparagraph shall be applicable only if, under the terms of the trust, such power in the surviving spouse to appoint the corpus, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

* * * * * *

"(H) Limitation on aggregate of deductions. The aggregate amount of the deductions allowed under this paragraph (computed without regard to this subparagraph) shall not exceed 50 per centum of the value of the adjusted gross estate, as defined in paragraph (2). * * *"

As explained in the Report of the Senate Committee on Finance (1948–1 Cum. Bull. 305–06, 332 et seq.), in order to accord to estates of decedents dying in common law states the same favorable treatment, as nearly as may be, that is accorded to estates of decedents dying in community property states, a marital deduction is allowed, speaking generally, for an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, up to a maximum of 50 per cent of the value of the adjusted gross estate, subject, however, to certain important qualifications and limitations. In subparagraph (A) of § 812(e) (1) is given the basic rule for the marital deduction in an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the decedent's gross estate. Subparagraph (B) of § 812(e) (1) then restricts the operation of the basic rule in subparagraph (A) by disallowing a marital deduction where, upon the lapse of time, or upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, the interest passing to the surviving spouse will terminate. Under subparagraph (B), as written, one of the most usual common law testamentary transfers would not have qualified for the marital deduction, i. e., a life estate to the surviving spouse coupled with a general power of appointment by deed or will and with a devise over in the event of a failure to appoint. Subparagraph (F) of § 812(e) (1) was designed to provide a marital deduction for such a transfer; in other words, subparagraph (F) provides an exception to the terminable interest provisions of subparagraph (B). In explanation, the Report of the Senate committee stated (1948–1 Cum.Bull. 342): "These provisions have the effect of allowing a marital deduction with respect to the value of property transferred in trust by or at the direction of the decedent where the surviving spouse, by reason of her right to the income and a power of appointment, is the virtual owner of the property. This provision is designed to allow the marital deduction for such cases where the value of the property over which the surviving spouse has a power of appointment will (if not consumed) be subject to either the estate tax or the gift tax in the case of such surviving spouse."

Under § 1 of paragraph 3 of the will of Frank E. Tingley, a trust was created of a stated portion or share of the residual estate in favor of the surviving spouse, Mary Elizabeth Tingley. The trustee was directed to pay over to her, as nearly as possible in equal quarterly installments, all the net income from such trust estate for and during the term of her natural life, for her own use. Further, the will provided that the trustee

"shall, at any time or from time to time, upon the request in writing of my said wife, transfer, convey and pay over to her any part or parts or the whole of said first share free from trust for her absolute use, provided that such right of my wife to call for the transfer or conveyance to her of any part or parts or the whole of the principal of said first share shall cease in case of her legal incapacity from any cause or upon the appointment of a guardian, conservator, or other custodian of her person or estate; and in the event of such legal incapacity, or appointment of any guardian, conservator or other custodian of her person or estate, my said wife or her guardian, conservator or other custodian shall cease to have any further right to the payment to her or such representative of any specified sum or of any part of the income from said first share * * *."

Mrs. Tingley, the surviving spouse, exercising her power under the foregoing provision of the will to call upon the trustee for the payment over to her of the principal, on November 17, 1948, which was shortly after the death of the tes-

tator, created a trust of her entire share under the will. In fact, Mrs. Tingley never became legally incapacitated, and no guardian, conservator or other custodian of her person or estate was ever appointed. She died on August 5, 1952.

Both here and before the Tax Court the parties were in agreement that the widow's power to invade the corpus of the aforesaid testamentary trust was equivalent to a power of appointment within the meaning of § 812(e) (1) (F). Further, both parties were in agreement that the only issue to be determined was whether, viewed as of the date of Mr. Tingley's death, the widow's power to invade the corpus was exercisable by her "alone and in all events." The reference is to the language in the concluding sentence of subparagraph (F) of § 812(e) (1) to the effect that the marital deduction allowed therein is applicable "only if, under the terms of the trust, such power in the surviving spouse to appoint the corpus, whether exercisable by will or during life, is exercisable by such spouse alone and in all events."

■ Petitioner argues that the surviving spouse might properly be considered to have become the virtual owner of the property in question, and that her subsequent exercise of the power to invade the corpus by the creation of a trust disposing of the property at her death made the property a part of her estate for estate tax purposes. This all may be conceded, but the argument does not successfully avoid the effect of the restrictive "in all events" requirement in subparagraph (F). Notwithstanding the statement in the Senate committee report, above quoted, that subparagraph (F) was designed "to allow the marital deduction for such cases where the value of the property over which the surviving spouse has a power of appointment will * * * be subject to either the estate tax or the gift tax in the case of such surviving spouse", it is perfectly clear from the face of the statute, as well as from the legislative history, that there is no requirement that the marital deduction provisions must be so constru-

ed that only one tax may be collected upon the property in question, either from the decedent or the surviving spouse. Thus, it is unquestionable that a general power of appointment exercisable only so long as the donee remains unmarried is not a power exercisable "in all events" within the meaning of § 812(e) (1) (F). See Treas.Reg. 105, § 81.47a(c), 1949–1 Cum.Bull. 200. The marital deduction is not available to the decedent's estate in such a case; yet the surviving spouse is subject to a gift tax if she exercises or releases the power *inter vivos*, or the property is treated as part of the surviving spouse's gross estate upon her testamentary exercise, or failure to exercise, the power in question, 26 U.S.C. §§ 811(f), 1000(c).

■ Of course it is true that the power in the surviving spouse must be viewed as of the date of the decedent's death, in determining whether the power is exercisable "in all events" within the meaning of subparagraph (F). Thus if by the terms of the decedent's will a gift in trust to the surviving spouse is coupled with a general power of appointment which, though otherwise absolute, is terminable in the event that X should survive the testator, and if in fact X dies before the testator, then the decedent's estate would qualify for the marital deduction under subparagraph (F) since, viewed as of the date of the testator's death, it would be apparent that the terminating contingency could never occur. But if X should die after the testator and before the collection of the estate tax, the marital deduction would not be available since, viewed again as of the date of the testator's death, the power in the surviving spouse would not be exercisable "in all events."

■ We agree with the Tax Court that the marital deduction was properly disallowed in this case, because the power in the surviving spouse to invade the corpus was not exercisable by her "in all events", in view of the terminating condition, as specified in the will, "in case of her legal incapacity from any cause or upon the appointment of a guardian, con-

servator, or other custodian of her person or estate". [22 T.C. 403.] Not only that, but upon the happening of the same terminating condition she would lose the absolute right to demand payment of the trust income, and hence, under the terms of the trust, the surviving spouse was not "entitled for life to all the income from the corpus of the trust". § 812(e) (1) (F).

It is petitioner's contention that the testamentary limitations on the surviving spouse's power do not add substantially to those which would otherwise prevail under Rhode Island law, and therefore should be disregarded on the implication that Congress, in requiring that the power must be exercisable "in all events", could not have meant to deny the marital deduction where the terminating condition is one which would be supplied anyway as a matter of local law. Following out this line of thought, petitioner argues that though there is no Rhode Island decision squarely in point, the Rhode Island Supreme Court would probably follow Equitable Trust Co. v. Union National Bank, 1941, 25 Del.Ch. 281, 18 A.2d 228, in applying the asserted general rule that a power of appointment cannot be exercised by a guardian, because such power is not part of the incompetent's estate which the guardian is appointed to manage. On the other hand, the Commissioner asserts that under Rhode Island law, in the event that the widow should become legally incapacitated, the power to invade the corpus could be exercised in her behalf by her guardian or conservator, absent the terminating restrictions in the decedent's will, citing in this connection Jacques v. Swallow, 1951, 77 R.I. 517, 78 A.2d 4; In re Houghton's Estate, 1954, 118 Vt. 229, 105 A.2d 257, 263.

We think the Commissioner probably has the better of the argument on this question as to the local law of Rhode Island. But we do not pause to make a definite determination upon the point, since the Commissioner has an alternative argument to which petitioner makes no real attempt to respond and which we regard as irrefutable. This alternative contention is: Assuming for the moment that under Rhode Island law a guardian or conservator would not be permitted to exercise a power of appointment held by the incompetent, the appointment of a guardian or conservator would result, without the limiting condition in the will, in no more than a suspension of the power during the period of disability, however long or short it might be; whereas under the terms of the will the power of appointment ceases, finally and absolutely, upon the occurrence of the legal incapacity or the appointment of a guardian or conservator. Hence the terms of the will impose a significant condition in addition to that which would be supplied by the applicable state law, a condition which, viewed as of the date of the decedent's death, made it possible that the surviving spouse's power of appointment would not be exercisable "in all events."

The decision of the Tax Court is affirmed.