ESTATE OF EDNA ALLEN MILLER, DECEASED, ALLEN GORDON MILLER
AND ERWIN SCHROFF, EXECUTORS, PETITIONER *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT

Docket No. 3345-64.   Filed June 12, 1967.

*James E. Bennet, Jr.*, for the petitioner.
*Julius M. Jacobs*, for the respondent.

254

OPINION

KERN, *Judge:* An examination of the pleadings and of respondent's briefs indicates the deep (and natural) concern felt by respondent because of the fact that a literal application of sections 2055(b)(2)[3]

[3] SEC. 2055. TRANSFERS FOR PUBLIC, CHARITABLE, AND RELIGIOUS USES.

  (b) POWERS OF APPOINTMENT.—

      \*       \*       \*       \*       \*       \*       \*

    (2) SPECIAL RULE FOR CERTAIN BEQUESTS SUBJECT TO POWER OF APPOINTMENT.—For purposes of this section, in the case of a bequest in trust, if the surviving spouse of the decedent is entitled for life to all of the net income from the trust and such surviving spouse has a power of appointment over the corpus of such trust exercisable by will in favor of, among others, organizations described in subsection (a)(2), such bequest in trust, reduced by the value of the life estate shall, to the extent such power is exercised in favor of such organizations, be deemed a transfer to such organizations by the decedent if—

      (A) no part of the corpus of such trust is distributed to a beneficiary during the life of the surviving spouse;

      (B) such surviving spouse was over 80 years of age at the date of the decedent's death;

and 2056(b) (5)[4] to the facts of the instant case will result in the availability to decedent's estate of a charitable deduction under section 2055(b) (2) in an amount representing the value of the remainder interest in the corpus of a testamentary trust and also of a marital deduction under section 2056(b) (5) in an amount equal to the value of such trust corpus including the remainder interest in the trust corpus.

Respondent's concern is made even more poignant by the fact that in the estate tax return of decedent's surviving spouse (Hugh), who died a few years after the death of decedent, a charitable deduction was taken under section 2055(b) (1) on account of the same transfer of the same property to the same charity which occasioned the taking of the charitable deduction by decedent's estate under the provisions of section 2055(b) (2). The propriety of the disallowance of this deduction in Hugh's estate is involved in the companion case of *Estate of Hugh Gordon Miller*, 48 T.C. 265.

In a situation in which a decedent has bequeathed to a surviving spouse a life interest in trust assets together with general testamentary power of appointment over the remainder, section 2055(b) (2) provides that, if under certain conditions the surviving spouse agrees to exercise the power in favor of a charity and does so exercise it, such remainder interest "shall * * * be deemed a transfer to such [charity] by the decedent" "for purposes of this section." In the instant case Hugh, the surviving spouse, timely agreed to exercise and did exercise

_____

(C) such surviving spouse by affidavit executed within one year after the death of the decedent specifies the organizations described in subsection (a) (2) in favor of which he intends to exercise the power of appointment and indicates the amount or proportion each such organization is to receive ; and

(D) the power of appointment is exercised in favor of such organizations and in the amounts or proportions specified in the affidavit required under subparagraph (C).

The affidavit referred to in subparagraph (C) shall be attached to the estate tax return of the decedent and shall constitute a sufficient basis for the allowance of the deduction under this paragraph in the first instance subject to a later disallowance of the deduction if the conditions herein specified are not complied with.

[4] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

\* \* \* \* \* \* \*

(5) LIFE ESTATE WITH POWER OF APPOINTMENT IN SURVIVING SPOUSE.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

(A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and

(B) no part of the interest so passing shall, for purposes of paragraph (1) (A), be considered as passing to any person other than the surviving spouse.

This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life is exercisable by such spouse alone and in all events.

the power in the specified manner, and the other requirements enumerated in section 2055 (b) (2) were complied with.

Section 2056 (b) (5) provides that a marital deduction is allowable to a decedent's estate on account of a bequest to the surviving spouse of a life interest in property coupled with a general power of appointment over the remainder. Under the provisions of that section such an interest "so passing shall, for the purposes of subsection (a) [the operational subsection of the marital deduction section], be considered as passing to the surviving spouse," and "no part of the interest so passing shall, for purposes of paragraph (1) (A) [of section 2056 (b), dealing with life estates and other terminable interests], be considered as passing to any person other than the surviving spouse." The beneficial interest passing to the surviving spouse (Hugh) in the instant case falls within the class of property interests described in section 2056 (b) (5). See sec. 20.2056 (b)–5, Estate Tax Regs. It obviously includes the remainder interest on account of which a charitable deduction is claimed under section 2055 (b) (2).

Respondent first argues that the charitable deduction provided for by section 2055 (b) (2) is not available to decedent's estate under the facts of this case. Although respondent does not dispute that there was a bequest in trust, that the surviving spouse had a life interest in the trust income and "a power of appointment over the corpus of such trust exercisable by will in favor of, among others, organizations described in subsection (a) (2)," or that all of the carefully described conditions enumerated in section 2055 (b) (2) were complied with, he contends that Congress did not intend that this section should apply to a situation such as we have before us in spite of the fact that a literal reading of the statute would make its applicability inevitable.

The only evidence of the legislative intent other than the statute itself is the report of the House Ways and Means Committee,[5] the pertinent parts of which are set out in the margin.[6]

---

[5] H. Rept. No. 2885, 84th Cong., 2d Sess. (1956), 1956–2 C.B. 1358, adopted by the Senate Finance Committee, S. Rept. No. 2798, 84th Cong., 2d Sess. (1956).

[6]

### I. PURPOSE OF BILL

The purpose of this bill is to allow a deduction for estate-tax purposes in the case of certain bequests in trust with respect to which no deduction is presently allowable. Under this bill, a deduction will be allowed to the extent that the donee of a testamentary power of appointment over the corpus of the trust declares by affidavit his intention, within 1 year of the decedent's death, to exercise the power in favor of specified charitable organizations and the power is exercised in the manner stated in the affidavit. This bill will apply only if the donee of the power is over 80 years of age at the time of the decedent's death.

### II. REASONS FOR BILL

Under present law, a deduction is allowed for estate-tax purposes for the amount of a bequest to a corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * *. This deduction also is allowed if an

Respondent's argument upon this point is principally based upon the first sentence of the quoted congressional report which states that the purpose of section 2055(b)(2) was "to allow a deduction for estate-tax purposes in the case of certain bequests in trust with respect to which no deduction is presently allowable." He points out that in the instant case decedent's will designated a certain charity as the taker of the remainder interest in the trust property in default of the exercise of the power of appointment by the surviving spouse and that a disclaimer by the surviving spouse of the power of appointment bequeathed to him would have resulted in the remainder going to the charity, thus making available to the decedent's estate under section 2055(a), a charitable deduction identical to that which the surviving spouse in this case sought to make available by the steps taken under section 2055(b)(2), whereby the surviving spouse agreed to and did execute the testamentary power in favor of the same charity as that named as remainderman in decedent's will; he also points out that decedent's estate was entitled to a marital deduction under section 2056(b)(5) which included the value of the remainder interest subject to the power of appointment. Therefore, respondent would have us conclude that Congress intended that section 2055(b)(2) should not apply to the situation presented by the instant case and that the estate of decedent is not entitled to the charitable deduction taken by it under that section.

Respondent elaborates his argument with regard to the potential availability of a charitable deduction by way of disclaimer by also pointing to an example given in the paragraph of the congressional report entitled "Reasons for Bill" which, respondent contends, indicates that Congress intended to limit the applicability of section 2055(b)(2) to those situations in which a charitable organization could not take a remainder interest as a result of the disclaimer of a power of appointment by the donee thereof.

In connection with that part of this argument which is based on the availability of a marital deduction, respondent recognizes that if the value of the property of a decedent's estate otherwise eligible as a

interest passes to such an organization by reason of a disclaimer made before the date prescribed for the filing of the estate-tax return. In some instances, however, it is not feasible for a legatee to allow a bequest to pass to charity by disclaiming it. For example, in the case of a bequest in trust where the income is payable to the surviving spouse of the decedent for life and the remainder to whomever the surviving spouse may appoint, the holder of the power of appointment could allow the property to pass to charity by disclaiming the power only if a charitable organization was named as the taker in default. This would be the result even if the donee is over 80 years old and has a relatively short life expectancy.

Under this bill, such a donee, if over 80 at the time of the decedent's death may specify within 1 year after the death of the decedent a charitable organization that will receive a portion of the corpus, and if the power of appointment is actually exercised in the manner specified, the estate of the decedent will receive a deduction for the portion of the bequest which is transferred to the charitable organization in this manner.

marital deduction (including the value of the interest passing to a charity under section 2055 (b) (2)) should be in excess of "50 percent of the value of the adjusted gross estate" of the decedent, such excess would be unavailable as a marital deduction. Only in such a case (which is not the one before us) and to the extent of such excess would respondent concede that section 2055 (b) (2) could have been intended by Congress to be operative since only in such a case and to the extent of such excess could it be said that no deduction was "presently allowable."

The conclusion reached by respondent in his argument on this issue is, in effect, that we should read section 2055 (b) (2) as though it contained, in addition to the four conditions carefully spelled out therein, two further conditions: (1) That the trust instrument does not name a charitable organization as the taker of the remainder interest in the trust property in default of the exercise of a power of appointment by the life tenant surviving spouse, and (2) that decedent's marital deduction under section 2056 equals or exceeds the 50 percent of adjusted gross estate limitation imposed by section 2056(c)(1) without regard to the trust assets, so that even if the trust assets qualify under section 2056(b)(5) as a "deductible interest," see sec. 20.2056 (a)–2, Estate Tax Regs., it would be a "wasted" deductible interest because of the 50-percent limitation. The addition of these two conditions to the four already specified in section 2055(b)(2) would effectively limit its application to those situations in which deductions were not available prior to the enactment of section 2055(b)(2) by the use of disclaimers or under section 2056.

We note that in addition to the sentence upon which respondent relies in his argument in connection with this issue, the congressional report in the paragraph entitled "Purpose of Bill" reads as follows:

Under this bill, a deduction will be allowed to the extent that the donee of a testamentary power of appointment over the corpus of the trust declares by affidavit his intention, within 1 year of the decedent's death, to exercise the power in favor of specified charitable organizations and the power is exercised in the manner stated in the affidavit. This bill will apply only if the donee of the power is over 80 years of age at the time of the decedent's death.

This language does not indicate any intention on the part of Congress to limit the applicability of section 2055(b)(2) otherwise than by the four conditions carefully specified therein.

We think respondent's proposal to engraft onto section 2055(b)(2) the limitations described above is unwarranted by a reading of the language of that section, considered in the light of the entire congressional report. With respect to the first limitation proposed, it may well have been that the primary concern of Congress, in drafting and enacting section 2055(b)(2), was to allow charitable deductions in those cases involving bequests in trust to life tenants having a testa-

mentary power of appointment, but with respect to which no charitable organization was named by the decedent as taker of the remainder interest in default of the exercise of the power. However, the statute was drawn in language which applies to bequests in trust in which the power of appointment is "exercisable by will in favor of, among others [charitable], organizations," without any such limitation as is proposed by the respondent. Regarding the situation present in this case, in which the life tenant agrees to, and does, execute the power of appointment in favor of the charitable organization named as taker of the remainder interest in default of appointment, it may be (and there is nothing in the legislative history to the contrary) that Congress did not specifically consider whether the statute would apply. Be that as it may, this situation is unmistakably covered by the plain and unambiguous language used by Congress in the enactment of section 2055(b)(2),[7] and as the Supreme Court said in *Barr* v. *United States*, 324 U.S. 83, 90, "if Congress has made a choice of language which fairly brings a given situation within a statute, it is unimportant that the particular application may not have been contemplated by the legislators." Granting, *arguendo*, that the congressional report is ambiguous by reason of what it contains and what it does not contain, we are not aware of any authority which would give us the power to rewrite by judicial fiat an unambiguous statute in order to clear up ambiguities in its legislative history.

Similar reasoning applies to respondent's second proposed limitation on the application of section 2055(b)(2). Whether or not the congressional report indicates that the drafters of section 2055(b)(2) had in mind a situation in which decedent's estate was precluded from obtaining a charitable deduction as a result of a disclaimer of the power by the surviving spouse because no charity was named as taker in default of appointment, the report is completely silent regarding any limitation on the operation of section 2055(b)(2) related to the marital deduction provisions. We think it significant that by its very terms section 2055(b)(2) applies *only* to transfers by a decedent to the surviving spouse of a life interest coupled with a power of appointment, an interest which would give rise to a deductible interest for purposes of the marital deduction under section 2056(b)(5).[8] This being the case, we are not disposed to infer a limitation on the applicability of

---

[7] Another situation (and one not discussed by respondent) would be where a charity is named in decedent's will as the taker of a remainder interest in default of the exercise of a power of appointment by the life tenant and the life tenant holder of the power agrees to and does exercise the power in favor of a charity other than the one named in decedent's will. Under these circumstances the surviving spouse could not have achieved the desired result by disclaimer.

[8] In fact, a bequest of the type described in sec. 2055(b)(2) would apparently fail to qualify as a deductible interest under sec. 2056(b)(5) *only* if sec. 2055(b)(2) is construed as applying to a special power of appointment as well as to a general power, a construction which respondent has not even suggested. See sec. 20.2056(b)-5(a)(3), Estate Tax Regs.

section 2055 (b) (2) derived from its relationship to section 2056 (b) (5), which is based on a congressional report that neither mentions the latter section nor refers in any way to the marital deduction provisions generally.

As we have said, respondent concedes that the circumstances of this case fall exactly within the language of section 2055 (b) (2). We are unable to conclude from the statute itself or its legislative history that a justification exists for reading into it limitations and conditions which it does not contain. Accordingly, we decide that decedent's estate is entitled to a charitable deduction under section 2055 (b) (2).

Respondent next argues most forcefully that if we hold, as we have held, that decedent's estate is entitled to a charitable deduction on account of an interest in property deemed to have passed to a charitable organization under section 2055 (b) (2), it cannot also be entitled to a marital deduction under section 2056 (a) even though the interest in the same property passing to the surviving spouse as of the date of decedent's death is exactly that which is to be considered, pursuant to section 2056 (b) (5), as passing to the surviving spouse for purposes of section 2056 (a), which would be eligible as a marital deduction under the literal terms of that section.

Respondent's principal contention on this issue is that by reason of the application of section 2055 (b) (2) the surviving spouse must be deemed to have received only a life estate which is a terminable interest under section 2056 (b) (1) since the remainder interest going to the charitable organization is deemed to have been transferred to such organization by the decedent under the terms of section 2055 (b) (2), thus reducing the interest of the surviving spouse to a life estate.

We are unable to agree with this contention. In considering the terminability of an interest for the purposes of the marital deduction, the situation is to be viewed as of the time of the decedent's death. See *Jackson* v. *United States*, 376 U.S. 503, 507–508; *Cunha's Estate* v. *Commissioner*, 279 F. 2d 292, affirming 30 T.C. 812, certiorari denied 364 U.S. 942; *Starrett* v. *Commissioner*, 223 F. 2d 163, affirming *Estate of Frank E. Tingley*, 22 T.C. 402. In the instant case Hugh did not execute an affidavit pursuant to the provisions of section 2055 (b) (2) until December 6, 1960, which was after Edna's death on February 10, 1960. Therefore, the question of the deductibility of Hugh's interest in the trust assets as a marital deduction under section 2056 is to be determined without regard to any action taken by Hugh under section 2055 (b) (2), subsequent to decedent's death, unless that section or section 2056 specifies to the contrary.

Respondent contends that the language of section 2055 (b) (2) that the remainder interest "shall * * * be deemed a transfer * * * by the decedent" contemplates that the surviving spouse's actions under sec-

tion 2055(b)(2) shall be related back to the time of decedent's death for the purposes of the marital deduction provisions of section 2056. The fatal flaw in this argument is that section 2055(b)(2) by its very terms limits the effect of the "deeming" prescribed therein to section 2055 which provides for charitable deductions. The first five words of section 2055(b)(2) are "For purposes of this section," obviously referring to section 2055. By the use of these words Congress in effect said that, under the circumstances present in this case and upon the fulfillment of four conditions, a bequest in trust, reduced by the value of the life estate, "shall, to the extent * * * [the power of appointment given to a life beneficiary who is the surviving spouse of the decedent] is exercised in favor of * * * [a charitable organization], be deemed a transfer to such organization by the decedent," but only for the purposes of section 2055.

Section 2056(b)(5) which allows a marital deduction on account of the passing from a decedent of a "Life Estate With Power of Appointment in Surviving Spouse" provides that "the interest * * * so passing ["(whether or not in trust)," see sec. 20.2056(b)–5, Estate Tax Regs.] shall, *for purposes of subsection (a)* [section 2056(a) which allows a marital deduction] be considered as passing to the surviving spouse" and further specifically provides in section 2056(b)(5) (B) that "no part of the interest so passing shall, *for purposes of paragraph (1)(A)* [section 2056(b)(1)(A) which is a part of the limitation placed on the allowance of a marital deduction "In the Case of Life Estate or Other Terminable Interest"], be considered as passing to any person other than the surviving spouse." (Emphasis supplied.)

Thus the hypothesis of section 2055(b)(2) with regard to the passing of the remainder interest which is limited to charitable deductions is patently contradictory to that of section 2056(b)(5) which is limited to marital deductions.

Again, we stress the fact that the transfer of property to which section 2055(b)(2) is applicable is essentially (and patently) the same as that to which section 2056(b)(5) is applicable, i.e., a bequest to a surviving spouse of a life estate with power of appointment. If Congress had intended that the enactment of section 2055(b)(2) should preclude the availability of a marital deduction under section 2056(b) (5), it could have provided that it was to be applicable for purposes of sections 2055 *and 2056*, instead of limiting its applicability to section 2055, or it could have amended section 2056(d)(1),[9] so that property

---

[9] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.
   (d) DISCLAIMERS.—
      (1) BY SURVIVING SPOUSE.—If under this section an interest would, in the absence of a disclaimer by the surviving spouse, be considered as passing from the decedent to such spouse, and if a disclaimer of such interest is made by such spouse, then such interest shall, for the purposes of this section, be considered as passing to the person or persons entitled to receive such interest as a result of the disclaimer.

passing under section 2055(b)(2) would be given the same treatment for purposes of the marital deduction as property passing by reason of a disclaimer by the surviving spouse.[10] However, Congress has never manifested an intention, by legislation or otherwise, that the marital deduction granted by section 2056(b)(5) should be in any way affected by section 2055(b)(2).

We conclude that respondent's argument on this issue of the claimed marital deduction must be rejected as unsupported by the provisions of section 2055(b)(2) which are expressly limited to the question of charitable deductions, as directly in conflict with the provisions of section 2056 which are solely appropriate to a consideration of what interests in property are eligible for allowance as marital deductions, and as unsupported by an evidence of congressional intent.

Respondent presents most persuasively an alternative argument on this issue to the effect that if section 2055(b)(2) and section 2056(b)(5) are both applicable and decedent's estate is entitled, as we have held, to both a charitable deduction and a marital deduction, then the *value* of the trust interest to be treated as a marital deduction under section 2056(a) must be computed by subtracting from the value of the interest "considered as passing to the surviving spouse" under section 2056(b)(5)(A) the value of the trust interest "deemed a transfer to * * * [a charitable organization] by the decedent" under section 2055(b)(2).

In this contention respondent apparently concedes *arguendo* that logic requires a conclusion that decedent's estate is entitled to both a marital deduction under section 2056(b)(5) and a charitable deduction under section 2055(b)(2). However, he argues eloquently that logic should "be carried only so far" and that the valuation of the marital deduction should be made not by a method dictated by logic but by a method which would avoid "so-called 'double deductions.'" In connection with this argument he cites most persuasively language quoted from our opinion and that of the Court of Appeals in *Marwais Steel Co.*, 38 T.C. 633, affd. 354 F. 2d 997. Again, he advances the proposition that "while there is nothing to prevent Congress, in enacting tax laws, to provide for so-called 'double deductions,' * * * in the absence of a provision in the enactment definitely requiring it, an intent to do so should not be attributed to Congress."

---

[10] In the case of disclaimer, to which respondent would have us equate the effect of sec. 2055(b)(2), Congress saw fit to enact sec. 2056(d) in order to provide that the property interest bequeathed to a surviving spouse which passes to another person by reason of a disclaimer by the surviving spouse should not be considered as passing to the surviving spouse for the purposes of sec. 2056 and therefore should not be available as a marital deduction.

This argument is not convincing. We have construed the pertinent provisions of the Internal Revenue Code not by attributing to Congress an intent to provide so-called "double deductions" but by refusing to conclude "that Congress did not mean what it said." See *Unexcelled Chemical Corp.* v. *United States*, 345 U.S. 59, 64. We have followed the plain and unambiguous language of the statutes here involved, not because we have attributed to Congress an intent to require a so-called "double deduction," but because we are not convinced by any evidence aliunde the pertinent sections of the Internal Revenue Code that Congress did *not* intend them to mean what they say.

It may be that in certain circumstances logic is an inadequate tool of statutory construction. However, in the instant case the construction urged on us by respondent is not only unsupported by logic but is also in patent contravention of the express provisions of section 2056 (b)(5)(B). If we were to accept this argument of respondent, we would not be construing the Internal Revenue Code; we would be rewriting it. As we said in *Frank W. Verito*, 43 T.C. 429, 443, "We were not given the responsibility of writing statutes, but we do have the responsibility of interpreting them as we find them." See also *McClain* v. *Commissioner*, 311 U.S. 527, 530.

We hope this opinion makes it clear that we have examined respondent's arguments with great care and that we are not unsympathetic with his concern over the anomalous provisions of sections 2055 and 2056 of the Internal Revenue Code of 1954 which make it possible for decedent's estate, under the circumstances here present, to take a charitable deduction and also a marital deduction on account of the passing from decedent of the same property. However, for the reasons set forth above, we feel that, to paraphrase the language of the Court of Appeals in *Fabreeka Products Co.* v. *Commissioner*, 294 F. 2d 876, 879, if the taxpayer has found a hole in the dike of the Internal Revenue Code, it is "one that calls for the application of the Congressional thumb, not the court's." [11]

For whatever comfort it may be to respondent, we point out to him that we have held in the companion case of *Estate of Hugh Gordon Miller*, *supra*, that the estate of the surviving spouse of the decedent in this case is not entitled to a charitable deduction under section 2055(b)(1) on account of the passing from his estate of the property deemed by section 2055(b)(2) to have been transferred by the decedent in this case to a charity.

*Decision will be entered under Rule 50.*

---

[11] As we have suggested, that "Congressional thumb" might be either the amendment of sec. 2056(d) or the amendment of sec. 2055(b)(2).