### R. C. McCAULEY et al., v. J. L. PEOPLES et al.

Western Section.    April 14, 1927.

No petition for Certiorari was filed.

1. Partition.    A parol partition of land is valid.
     A partition is not a sale and therefore not within the statute of frauds and a valid parol partition may be had.

2. Partition.    Parties must take possession where parol partition is made.
     Tenants in common may make partition by parol if accompanied with seizen and severalty.

3. Courts.    Jurisdiction.    County court has no jurisdiction to adjudge disputed land titles.
     A county court has no jurisdiction in a case where the title to real estate is disputed.

Appeal from County Court, Hardeman County; Hon. M. R. Hizer, Judge.
Affirmed and remanded.

H. E. Carter, of Bolivar, for appellants.
S. J. Everett, of Jackson, for appellees.

OWEN, J. This case involves an appeal from the county court of Hardeman county. Complainants filed their petition in said court for the sale of two small tracts of land for partition. Petitioners R. C. McCauley and J. C. Anderson allege that they own an undivided interest in a tract of seven acres of land and a tract of forty-eight acres of land, the two tracts adjoining. A number of defendants who own the other undivided interests were made parties. Complainants alleged that Mattie L. McKissick, an unmarried woman, died seized and possessed of the tract of seven acres of land situated in Civil District No. 8 of Hardeman county, and that the said Mattie L. McKissic died seized and possessed in fee of an undivided one-third interest in forty-eight acres; that Mattie L. McKissic left surviving her two sisters and a brother, and the children of a deceased brother and children of a deceased sister. The complainants had purchased a one-twentieth each of the estate of said Mattie McKissick from said nephews and nieces of said Mattie L. McKissick. The bill further alleged that Ellen A. McKissic, the mother of Mattie L. McKissic, died about the year 1917 in Hardeman county, and that she owned the forty-eight acres described in complainant's bill at the time of her death and that she left six children, or the representatives of six children at the time of her death, one of whom was Mattie L. McKissick. It appears that Mrs. Ellen A. McKissick had owned at one time seventy acres of land, all in one body; that said seventy acres was in the shape of a parallelogram and that the seventy acres was bounded on the west by a public road. Mrs. McKissick conveyed out of this seventy acres three tracts of seven acres each adjoining said road and lying east of the same, to her daughters Annie Pipkin, Mattie McKissick and her son E. T. McKissick. E. T. McKissick's seven acres was at the southwest corner of the tract; Annie Pipkin's was at the northwest corner of said tract and Mattie McKissick's seven acres was between the tracts of Annie Pipkin and E. T. McKissick. The forty-eight acres, or the remainder of said seventy acres extended east from the three tracts sold. The three tracts of seven acres each were about the same in length, Mrs. Pipkin's tract being a little wider and extended a little further east than the other two.

After the death of Mrs. Ellen A. McKissick, Annie Pipkin, Mattie McKissick and E. T. McKissick purchased the shares which would equal an undivided one-half interest of the other children or grandchildren of Mrs. Ellen A. McKissick in the forty-eight acres.

Annie Pipkin and E. T. McKissick answered complainant's bill and insisted that a parol partition had been had between Annie Pip-

kin, Mattie McKissick and E. T. McKissick several years before the death of Mattie McKissick, and that each of these three took that portion of the forty-eight acres lying directly east of his or her seven-acre-tract; and it was agreed that E. T. McKissick should take the southern portion of said forty-eight acres, about one-third thereof, running his north line from the northeast corner of his seven-acre-tract to the east boundary of the forty-eight acres; that Mattie McKissick took the middle portion of said forty-eight acres, and a line was run between her tract and the tract of Annie Pipkin, beginning a little south of Annie Pipkin's southeast corner and extending due east to the east boundary. There was a public road that marked the east boundary of the forty-eight acres.

So, it is insisted in the answer that complainants had no interest in the northern one-third or the southern one-third of said forty-eight acres by virtue of the parol partition.

It is conceded in the answer that complainants were entitled to have the seven acres sold for partition, and the sixteen acres sold, also.

Numerous depositions were taken and numerous exhibits consisting of deeds were filed with the record.

It appears that a one-fifth interest in Mattie McKissick's estate was valued at the time the conveyance was made at about $125— that is, $125 was paid for a one-fifth undivided interest in Mattie McKissick's interest in the seven acres and the forty-eight acres.

A reference was had to the Clerk and Master to report as to what lands Mattie McKissick died seized and possessed of, and who she left as her heirs; were the lands so situated that they could be partitioned in kind, or was it for the manifest interest of all parties to sell the lands; and the encumbrances upon the said land. The clerk reported that the only encumbrances was the taxes for the year 1926, which was a small amount. He reported as to the owners, and the only land she owned was the seven-acre-tract and an undivided one-third interest in the forty-eight-acre-tract.

The defendants Annie Pipkin and E. T. McKissick excepted to that portion of the clerk's report, stating that Mattie McKissick owned an undivided one-third interest in the forty-eight acres. This exception was sustained, and the clerk's report modified by a decree of the county judge holding that Mattie McKissick owned two tracts (sixteen acres and seven acres) and that the forty-eight acres had been partitioned by parol.

The decree provided for a sale of the two tracts of land and fixed the respective interests of the complainants and defendants. The petitioners, or complainants, excepted to the decree, prayed and were granted an appeal to this court, which appeal they perfected, and have assigned errors in this court.

The first error is, the court erred in sustaining exceptions to the clerk's report.

The second error assigned is, the court erred in decreeing that said land had been partitioned by parol by Mattie L. McKissick, Annie Pipkin and E. T. McKissick.

The third error is, the court erred in decreeing and ordering a sale of only sixteen of the forty-eight acres.

The fourth error is, the court erred in finding and decreeing that Ennis Enlow Summers, a nephew of Mattie L. McKissick was dead.

Complainants are in no wise prejudiced by the fourth assignment. Ennis Enlow Summers was a nephew of Mattie L. McKissick. He left four brothers and sisters, the five representing an undivided one-fifth interest. Said Ennis Enlow Summers had not been heard of for many years, and the presumption was that he was dead. This assignment is overruled.

The other three assignments will be treated together.

We find by the weight of the evidence that several years prior to the death of Mattie L. McKissick she and her sister Annie Pipkin and her brother E. T. McKissick had divided the forty-eight acres, and each had set apart in kind to him or her about sixteen acres. They had extended the lines from their seven acres east to the east boundary. Each had taken possession of his or her sixteen acres, and this partition is established by the weight or preponderance of the evidence.

A parol partition of lands is valid. A partition is not a sale, and therefore not within the statute of frauds. Meacham v. Meacham, 91 Tenn., 532, 19 S. W., 757.

In R. C. L., Vol. 20, page 722, it is said: "tenants in common may make partition by parol, if accompanied with seizen and severalty. Parceners may make partition by parol generally."

Learned counsel for appellants while not assigning as error that the county court is without jursidiction, has cited a number of cases wherein it is held that the county court has not jurisdiction to determine disputed land titles. The county court has no jurisdiction to adjudge disputed land titles. However, we are of opinion that the county court has jurisdiction in the instant case. There is no dispute over the title of the seven acres. The only dispute that does arise is whether Mattie McKissick owned sixteen acres, or an undivided one-third interest in forty-eight acres. The lower court held as a fact that the forty-eight acres had been partitioned by parol and that Mattie L. McKissick owned sixteen acres. Complainant's partition or bill is dismissed as to the northern portion of the forty-eight acres in possession of Annie Pipkin, and it is dismissed as to the southern portion of said forty-eight acres in possession of E. T. McKissick. All of the assignments of error are

overruled and disallowed. The decree of the lower court will be modified by dismissing the petition wherein it seeks any relief as to that portion in possession of Annie Pipkin and E. T. McKissick, being the northern one-third and the southern one-third. In all other respects the decree is affirmed.

The cause will be remanded to the county court of Hardeman county for the purpose of proceeding with the sale of the seven acres and the sixteen acres described in the decree, and for the purpose of distributing the funds, paying costs, etc. The cost of this appeal will be paid by the appellants and their surety on appeal bond. The cost of the lower court will be paid as decreed by the judge of the county court of Hardeman county.

Heiskell and Senter, JJ., concur.