HUGHES, GUARDIAN v. EDWARDS.

4-5561 130. S. W. 2d 713

Opinion delivered July 3, 1939.

R. W. Tucker, S. M. Casey and Shields M. Goodwin, for appellant.

Sam C. Knight and Dene H. Coleman, for appellees.

HUMPHREYS, J. Frank Divers, who was a first cousin of Willie Sturdivant and her sole heir at law, brought an ejectment suit through his guardian, C. H. Hughes, for an eighty-acre tract of land in Independence county against J. Clyde Edwards and E. Claude Edwards. who deraigned their title to said eighty-acre tract through mesne conveyances from J. I. Sturdivant who claimed title thereto under the will of his wife Sarah L. (Divers) Sturdivant. Appellants herein were the plaintiffs below and the appellees herein were defendants below.

The cause was submitted to the court upon the complaint of appellants, the will of Sarah L. (Divers) Sturdivant which was attached to the complaint and made a part thereof and a demurrer filed by appellees to said complaint. The court sustained the demurrer to the complaint, and appellants failing to plead further the court dismissed the complaint from which is this appeal.

According to the facts set out in the complaint and the exhibit made a part thereof the eighty acre tract of land in question was the south eighty of a one hundred and sixty acre tract owned by H. C. Divers in his lifetime. At his death the one hundred and sixty acre tract of land passed under the law of descent to his only children, Dave Divers, and Sarah L. (Divers) Sturdivant, the wife of J. I. Sturdivant. Thereafter, Dave Divers died leaving surviving him, as his sole heir at law, his son, Frank Divers, who has been an incompetent person for more than thirty years. After the death of Dave Divers, a partition suit was had the result of which was that the north eighty was set apart to Frank Divers and the south eighty was set apart to his paternal aunt, Sarah L. (Divers) Sturdivant. Under the partition suit each of them became the fee simple owner of eighty acres of land which they inherited from H. C. Divers, father of Sarah L. (Divers) Sturdivant and the grandfather of Frank Divers.

On September 20, 1892, prior to the partition suit Sarah L. (Divers) Sturdivant executed her last will and testament which was made an exhibit to the complaint and which is as follows:

"Last will and testament of Mrs. Sarah L. Sturdivant.

"I, Sarah L. Sturdivant, of Newark, Arkansas, Independence County, being of sound and disposing mind and memory and recognizing the uncertainty of life and the certainty of death and desiring to provide for the future welfare and maintenance of my daughter, Willie Henry Sturdivant, do make and ordain and establish this as my last will and testament.

"I give, devise and bequeath unto my said daughter Willie H. Sturdivant all of my undivided one half interest in and to the following described real estate, lying being and situated in the county of Independence, State of Arkansas, to-wit:

"The west half of the northeast quarter of the west half of the southeast quarter of section seven (7) and the west *said* of the south part of the east half of lot two of the northeast quarter of section five (5) all in township twelve (12) north, range four (4) west.

"It is my will that in the event that my said daughter Willie should die leaving no bodily heirs that then the aforesaid property shall go to and become the property of my said husband, J. I. Sturdivant.

"I nominate and appoint as executor of this my last will and testament my husband, J. I. Sturdivant.

"In witness whereof I have hereunto set my hand, signed, sealed and published and declared this instrument to be my last will at Batesville, Ark., on this 20th day of September, 1892.

S. L. Sturdivant      Seal.

"The said Sarah L. Sturdivant at said Batesville on said September 20th, 1892, signed and sealed this instrument and published and declared the same for her last will. And we, at her request and in her presence and in the presence of each other have subscribed our names as witnesses.

J. C. Yancey.
S. D. Fulkerson."

The lands devised in the will was Sarah L. (Divers) Sturdivant's one half interest in the one hundred and sixty acre tract.

Sarah L. (Divers) Sturdivant died on December 18, 1902. The will was probated on January 20, 1913. Willie Sturdivant, her daughter, was a person of unsound mind for many years, and died in the State Hospital for Nervous Diseases on December 5, 1911, leaving surviving her as her sole and only heir at law, Frank Divers, who was her first cousin. The appellees are in possession of the

south eighty in question and deraign their title under the will of Sarah L. (Divers) Sturdivant and mesne conveyances made thereafter. The rental value of the eighty acre tract in question is $400 per annum.

The question involved on this appeal is whether, under the will of Sarah L. (Divers) Sturdivant, Willie Sturdivant, her daughter, took a life estate in the property with the remainder in fee simple to J. I. Sturdivant. In other words if Willie Sturdivant took an absolute fee simple title to the eighty acre tract under said will at her death appellant, Frank Divers, inherited the fee simple title from Willie Sturdivant. The effect of the decree of the trial court in sustaining the demurrer to the complaint was to construe the will as giving to Willie Sturdivant a life estate in the land with the fee simple title in remainder to J. I. Sturdivant. The rule in the construction of wills is to give effect to the intention of the testator in view of all the provisions of the will. This court said in the case of *LeFlore* v. *Handlin,* 153 Ark. 421, 240 S. W. 712, that: " 'Over and over again we have said that the rule in the construction of wills is to give effect to what appears to be the intention of the testator in view of all the provisions of the will.' *Cook* v. *Worthington,* 116 Ark. 328, 173 S. W. 395. See, also, *Eagle* v. *Oldham,* 116 Ark. 565-573, 174 S. W. 1176."

The clear implication is that all the provisions of a will should be taken into consideration in determining the intent of the testator. This rule applies with all its force and power if there is no repugnancy between the various provisions of the will. Appellant contends that under the first devising clause of the will Willie Sturdivant was clearly granted the fee absolute in the eighty acre tract and that it was beyond the power of the testatrix by a later provision to modify or qualify the first provision so as to limit the first grant to a life estate. We do not think when both provisions are read together that it was the intention of the testatrix to give her daughter an absolute fee simple title in the first clause. Willie Sturdivant was a person of unsound mind for many years and died in the State Hospital for Nervous Diseases in Little

Rock on December 5, 1911. By reference to the will it will be seen that the testatrix stated that it was her intention to provide for the future welfare and maintenance of Willie Sturdivant and then followed the statement by giving, devising and bequeathing to Willie Sturdivant her undivided interest in certain real estate describing it and immediately following the description of the property she stated:

"It is my will that in the event that my said daughter Willie should die leaving no bodily heirs that then the aforesaid property shall go to and become the property of my said husband, J. I. Sturdivant."

By giving both clauses of the will a reasonable meaning when read together it is manifest that the testatrix intended that if Willie Sturdivant died without bodily issue her husband, J. I. Sturdivant, should have the remainder estate in the eighty-acre tract. By giving the two clauses when read together any other construction, it would be tantamount to eliminating the last clause entirely. If we should give the first clause the construction contended for by appellant it was wholly unnecessary for the testatrix to include the latter clause in the will. We think there is no repugnancy whatever between the two provisions because when read together to ascertain the intention of the testatrix it is manifest that she intended to give her daughter a life estate in the eighty acre tract with the remainder estate to her husband. Really when the intent of a testatrix is being ascertained the last clause in a will governs if there is any conflict between the provisions. *United States of America* v. *Moore*. Where there is no conflict or repugnancy there is no necessity for rules of construction to be invoked in determining the intent of the testator.

No error appearing, the judgment is affirmed.