SEILAZ v. SEILAZ et al. No. 4.—148 S. W. (2d) 23.

Eastern Section.   June 25, 1940.

Petition for Certiorari denied by Supreme Court.   October 5, 1940.

Karl E. Steinmetz, of Knoxville, for appellant.
Hodges & Doughty, of Knoxville, for appellees.

AILOR, J.  This suit involves the construction of a written document probated at the last will and testament of Louis Seilaz, Sr., deceased.  Said Louis Seilaz, Sr., died in 1915, leaving three sons and his widow.  He left a formal will prepared during the year of 1891, which indicates that it had been prepared by an experienced draftsman.  This will was probated immediately after the death of Louis Seilaz, Sr., in 1915, and the widow who was named as executrix therein proceeded to execute the provisions of same without question until 1938, when the widow and Emile Seilaz filed a bill in the Chancery Court of Knox County against complainant in this cause and Victor Seilaz, a brother, seeking to have said will construed.

We think it not necessary to deal at any length with the questions raised in said suit or the results of same.  It is sufficient to say that the complainants therein failed to obtain a favorable construction of the will according to their contentions, but that complainant herein obtained a final judgment favorable · to his insistence upon appeal to the Supreme Court.  The Court held in substance that the said Lydia Seilaz took the estate in trust only with limited power of disposition.

Thereupon complainant filed his original bill in this cause seeking an accounting from the executrix in said will.  He averred that the estate had been mismanaged, and sought a removal of the executrix because of such mismanagement of the estate.  During the pendency of the suit the said Lydia Seilaz died, and all questions relative to her connection with the matter are removed at this time.

However, in an answer filed by Lydia Seilaz and Emile Seilaz, a second will was brought forward, which it was insisted operated to vest in said Lydia Seilaz absolute title to the entire estate.  This alleged will was in the form of a letter, and it was alleged that the same had been found in the same safety deposit box containing the formal will.  This letter was probated in the Circuit Court of Knox County in solemn form, and a proper construction of its provisions is the only question before us at this time.  The Chancellor construed the provisions of the letter as vesting in Lydia Seilaz an absolute title to the entire estate of Louis Seilaz, Sr., thereby voiding the provisions of the formal will theretofore probated, which gave to her a life estate with limited power of disposition.  Complainant has appealed from this decree, and has assigned a single error challenging the correctness of the construction of said instrument by the Chancellor.

We quote the instrument in full as follows:

"Miami Feb. 5/1910

"Dear Emile

"Not knowing when I may drop of I will you 3 boys to know wat my estate stand I want my debts to be paid first wich are as follo to date. A note to Alex Mc for $4000.00 of that $3000.00 are mine individual and the other $1000.00 by the Hotel I also got $1800.00 from Ant Hellen on wich I have paid her back $500.00. Also a note for $2500.00 wich I got for the hotel from her (Ant Hellen). I also got $2500.00 from Neil for the hotel Victor owe me a balance on note $700.00 Louis also owe me $2500.00 The 3 notes from Newson I give Neil to keep in her box in the bank amount $2885.00. The home place and the 6 lots on the Hill and the 2 lots on Broadway and the alft interest in the hotel also in the landry So long as you can agree with Victor I want you to stay at a salary of $100;00 per month. In case you should not get along with Victor you better quit and withdraw mama interest, and you can help mama to run the estate to the best advantage consulting your brothers and mama If the Landry business is paying and if Louis want it he should have the prifrince if he want it for the price it cost now. If it is not paying, better sell it for wath it will bring. My insurance money go to mama like the balance of the estate. It is not necessary for me to tell you all to take the best care of mama as I know you will

"With my best wishes to you all

"Your father, L Seilaz"

The Chancellor found and held that Lydia Seilaz took all of the estate of said Louis Seilaz, basing his opinion on a single sentence in same as follows: "My insurance money go to mama like the balance of the estate." There is nothing in the opinion of the Chancellor from which it may be determined how he arrived at this conclusion. Appellees advance two propositions in support of the decree. The first insistence is that the written document was probated in the Circuit Court of Knox County, Tennessee, in solemn form as a holographic will; that the order of probate declared it to be the "True, whole and last will and testament of Louis Seilaz, Sr., deceased," and that this operated as an adjudication of the fact that it was the whole will of said Louis Seilaz, excluding the possibility of looking to the former will for any purpose in connection with the disposition of his estate. Emphasis is placed on the provision in the order of probate that this is the whole will of Louis Seilaz. Starting from this hypothesis it is insisted that a proper interpretation of the provisions of the instrument supports the conclusions of the Chancellor.

On the other hand it is insisted on behalf of appellant that the two documents are to be construed together, and that the provision in the order of probate to the effect that it is the true, whole and last will of Louis Seilaz does not exclude consideration of the former

will, but that the latter should be treated as a codicil. And that a proper construction of the latter instrument operates to transfer the insurance on the life of Louis Seilaz to his wife on the same basis as he had provided in his original will for the balance of his estate.

We find ourselves unable to agreed with the position of appellees that the probate of the letter as a holographic will operated to completely nullify the provisions of the former will. We think a reading of the instrument indicates that such construction would do violence to the intention of its author. By way of observation, we might say that there is serious doubt in our mind that the author of this letter had any intention for it to operate as a will. He is shown to have been a man of considerable business ability. When he was ready to prepare his will he procured the services of an experienced draftsman, and had the will properly witnessed. A reading of the letter which was written entirely in his own hand, indicates that it was primarily one of information. It was personal in its nature and indicates that the writer was incapable of adequately expressing himself in the English language. In view of the business ability shown to have been possessed by him it seems unlikely that he would have depended upon his ability to express himself for disposing of his entire estate as it is now insisted. However, it is not necessary for us to pass upon this question at this time.

We think the two instruments which have been probated are to be considered together as constituting the true, whole and last will of Louis Seilaz, Sr. There is only one sentence in the holographic will which is testamentary in character. This provides that the insurance is to go to his wife like the balance of the estate. Appellees ask the court to read a change into this sentence as follows: "My insurance money go to mama like (also) the balance of my estate." In other words we are asked to substitute the word "also" for the word "like." We think such a construction would be a most unnatural construction under the circumstances, and that the effect of such substitution would constitute a making of a will by the court instead of interpreting one already made.

As above set out Louis Seilaz had made a formal will by which he made a detailed disposition of his estate. There is no doubt in our mind that he had this in mind at the time he wrote the letter in question. Instead of meaning that the insurance should go to his wife, also the balance of the estate, he, no doubt, meant that his insurance should go to his wife in the same manner as he had provided in his formal will for the balance of his estate to go. It is a well settled rule of law that where a person leaves more than one will or a will and a codicil that the instruments are to be treated as one instrument and one will, except to the extent that the latter modifies the former. Atkinson on Wills, p. 385. Ewell v. Sneed, 136 Tenn., 602, 191 S. W., 131, 5 A. L. R., 303.

"The mere execution of a subsequent will does not ordinarily revoke a former will, although is may be otherwise provided by statute. . . . According to some decisions the making of a new will, if on its face it purports to be the testator's last will, operates to revoke all former wills without words of express revocation, but the better opinion appears to be that the characterization of the second instrument as being the testator's 'last will' is not conclusive of an intention to revoke all previous wills. The question is one of construction and presumed intention." 28 R. C. L., pp. 172, 173.

"If the later will does not contain a clause of express revocation, and it does not show an affirmative intention to revoke such will, it can affect such earlier will only when the provisions of the later will are inconsistent with the earlier will that it is necessary to treat a part of the earlier will as revoked, in order to give effect to the provisions of the later will. This is referred to as implied revocation; it is purely a matter of testator's intention. This sort of revocation by implication is not favored in construction." Page on Wills (2 Ed.), sec. 436.

To the same general purport is the rule announced in 28 Ruling Case Law, p. 174, sec. 132.

█ There is no indication of an intention to revoke the former will by any express provision in the latter instrument. As we construe the language of the latter instrument it recognizes the existence of the former will. We think a proper construction of the sentence in question, in the light of the surrounding circumstances, leads to but one logical conclusion, viz, that Louis Seilaz wanted his wife to take the insurance money in the same manner as she had been given the balance of the estate by the former will. Revocations by inference are never favored in the construction of testamentary documents, and only when a revocation is intended, where a different disposition of the same property is made, or in case of inconsistent provisions indicating a clear intention to revoke the former instrument will such revocation be declared by inference. Pritchard On Wills, sec. 23, p. 26.

█ There is nothing inconsistent between the provisions of the will first probated in this cause and the holographic will last probated it. We think there is no merit in the insistence that the order of probate of the second document operates as an adjudication that it is the whole and last will and testament of Louis Seilaz. The former will had already been probated and it was unnecessary to probate it along with the latter. The only issue on the probate of the latter document was whether or not it was to be admitted to probate as the last will of Louis Seilaz to the extent of its provisions. It was so admitted. And it can reach only so far as its provisions warrant by direct provisions and reasonable implications to be drawn from such provisions.

616

The former will made no attempt to dispose of the insurance money on the life of the testator. And the latter will makes no attempt to change any provision of the former will. It does provide for a disposition of the insurance money. But this disposition is indefinite and uncertain without reference to the provisions of the former will. In other words, the latter will is merely a complement to the former and is incapable of standing alone. The insurance money is to vest like the balance of the estate. The word "like" is one of common and accepted usage. Its meaning in the connection used in the will in question could hardly be mistaken or subject to conjecture. The insurance money is to go to mama like, or in the same manner as, the balance of the estate. This provision naturally calls for some extraneous aid, and this aid is to be found only by reference to the former will which disposed of the balance of the estate. Therefore, we conclude that the two wills are to be taken and construed together as one instrument, and that the estate of said Louis Seilaz is to be distributed according to the provisions of the judgment of the Supreme Court in the former case. Appellees will pay the costs of this appeal. At the request of appellant the cause will be remanded to the Chancery Court of Knox County for further proceedings.

Reversed.

Portrum and McAmis, JJ., concur.