**Anita Hampton MARTIN, Appellant,**

v.

**Attie Horne TAYLOR et al., Appellees.**

Supreme Court of Tennessee.

March 10, 1975.

**582**

Henry M. Beaty, Jr., Memphis, for appellant.

Thomas R. Prewitt, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, for appellees.

## OPINION

COOPER, Justice.

This appeal is from a decree of the Chancery Court of Shelby County, construing the will and codicil of Dr. W. D. Horne, who died on October 7, 1925, in Shelby County, Tennessee.

Both the will and codicil of Dr. Horne are holographs and were admitted to probate on April 3, 1926, in the Probate Court of Shelby County, Tennessee. The will is as follows:

"Brunswick Sept. 18th 1902

Knowing the uncertainty of life I make this my last will and testament after all of my debts are paid I will and bequath to my Beloved Wife Emma D Horne the place known as the Tom Rhodes place containing three hundred acres, allso my home place at Brunswick, encluding the L. L. Bolton place, To be hers her life time at her death it be divided between my children. The remainder of my real estate to be kept in trust for my unmarried children till my youngest child Attie becomes of age. Kept by my wife or whoever they may select when Attie becomes of age, it to be devided share and share alike between my children Louis, Nina, Edith and Attie. To my children one and all I entale them property, should either of them die without a child, their estate to be equally divided between the survivors. Should all my children die without children my entire estate real and personal I will to erect an orphan home or asylum for white children, to be built some where in Shelby Co. Tenn.

My personal property, life insurance and all money on hand I will to my wife for her and my children, to be used as she deems best. But suggest that if more money accumulates than is necessary for them to live on, remainder to be envested in real estate for the benefit of all. It is my disire that my family not married live together. My watch I give to Louis. Watch chain to my wife. If I dont buy Edith and Attie a watch apiece, one for each to be bought with money from my estate My wife has the right to sell any or all personal property if she wishes. My wife Emma D. Horne I ap-

point Administratrix without bond or security, it being waived. All moneys given to my older children to be charged to them, so as make Attie equal.

W. D. Horne (Signed)

Witness

J. C. Dalton (Signed)
J. L. Horne (Signed)"

The codicil is as follows:

"Brunswick March 1st 1911

This Codicil to my will made several years ago I want all of my honest debts paid. The balance of my estate devided as I have so willed in my past will. I donot want my estate to go into any Court, except to have my will probated. It is not necessary for any Court to know the amount of my estate. I want my heirs to devide and settle up my estate among themselves, independent of courts. My family can choose two persons, and they if necessary choose the third person, to devide it, among my heirs, I have made what I have for my family, and would rather my estate to remain as a whole, until my youngest child Attie becomes twenty five years old, the proceeds divided among them.

W. D. Horne (Signed)

Witness

E. ?. Stewart (Signed)
J. D. Guthrie (Signed)"

The will was executed when Dr. Horne was fifty years of age. At that time, his four children were all under the age of twenty-one; Louis was twenty, Nina eighteen, Edith sixteen, and Attie thirteen. At the time the codicil was written in 1911, Dr. Horne was fifty-nine years of age and all of his children were over the age of twenty-one. Testator lived fourteen years after he wrote the codicil, so that the youngest child, Attie, was thirty-six years of age at the time of her father's death. The wife of Dr. Horne and mother of the four children died approximately three and one-half years before her husband. None of the three grandchildren of Dr. Horne (appellees, Iska Taylor Duke and Bernadine Taylor Goshorn, and appellant Anita Hampton Martin) were born on the date of the codicil, but all three of the grandchildren were born before testator's death.

Appellees Attie Horne Taylor, Iska Taylor Duke and Bernadine Taylor Goshorn, who were plaintiffs and cross-defendants below, took the position that each of the four children of Dr. Horne, on his death, took an unconditional absolute fee simple interest in all of his lands and that the limitation over failed because none of the children died before testator or his wife, the life tenant.

It was the position of the appellant Anita Hampton Martin, the defendant and cross-plaintiff below, that each of the four children took a base, determinable or conditional fee simple interest in testator's lands on his death, subject to a condition subsequent, namely, the death of a child without child or issue, after testator's death.

Of the four children of Dr. Horne, two, Louis and Nina, died without children. Louis made no disposition of lands derived under his father's will and since the same persons take Louis' share, either under the laws of intestacy or under either construction of the will and codicil urged on the chancellor by the parties, the court's construction of Dr. Horne's will will not affect the disposition of Louis' share of his father's estate. However, Nina, by her will devised all lands derived by her from Dr. Horne, to the appellees to the exclusion of appellant, thus setting the stage for this action seeking a construction of Dr. Horne's will and codicil.

The cause was tried in the chancery court on a written stipulation of facts, with the result that the chancellor found that:

" . . . [T]he dominant intent of the testator was that his estate should be settled and divided equally among his

four children after his wife died, should she survive him, and at the latest when his youngest child reached twenty-five years of age.

"The Court is further of the opinion that there is no clear, unmistakable, and certain language in the Will and Codicil indicating that the testator intended that there be a gift over in the event any of his children died without issue at anytime.

"The Court accordingly finds that the limitation over in favor of all the surviving children of testator failed because none of the children died without issue, in the lifetime of the testator, or testator's wife, or before the youngest child reached age twenty-five."

The chancellor then granted a discretionary appeal to this court and reserved all matters, including accounting and partition.

Appellant contends in this court that the construction placed on the will by the chancellor is contrary to the intent of the testator revealed by a consideration of the will as a whole.

In the construction of wills, it has long been the established rule that the courts assiduously seek to ascertain the intention of the testator, and when ascertained it will be given effect unless it contravenes some rule of public policy. In applying this rule, it is necessary to look to the entire will and codicil, if any, and not to isolated parts, and the testator's intention must be determined from what he has written and not from what it is supposed he intended. Burdick v. Gilpin, 205 Tenn. 94, 325 S.W.2d 547, 551 (1959).

Auxiliary and subsidiary rules of construction have been created as convenient aids to determine the intent of the testator, but being subordinate to the cardinal rule, or the rule of intent, they must necessarily contain the saving clause, "unless a contrary intention appeal from the will." Eckhardt v. Phillips, 176 Tenn. 34, 42, 137 S.W.2d 301, 304. For instance, subsequent provisions in a will control, when in conflict with prior provisions (Anderson v. Lucas, 140 Tenn. 336, 204 S. W. 989 (1918), and provisions in a codicil, in conflict with intention as expressed in the body of the will, must prevail. Seilaz v. Seilaz, 24 Tenn.App. 611, 615, 148 S.W. 2d 23 (1940).

Further, this court is committed to the rule that in the absence of a contrary intention clearly indicated in the will and codicil, where there is an immediate gift to A, and a gift over in case of A's death without issue, the gift over will take effect only in event of A's death before the testator. Nichols v. Masterson, 186 Tenn. 38, 208 S.W.2d 332 (1948); Templeton v. Stong, 182 Tenn. 591, 188 S.W.2d 560 (1945); Eckhardt v. Phillips, 176 Tenn. 34, 137 S.W.2d 301 (1940); Mecham v. Graham, 98 Tenn. 190, 39 S.W. 12 (1897). "There is still another rule equally as well established . . ., and that is, where the disposition of the property which is devised is preceded by a prior estate for life or years, the death without issue refers to a death occurring during the period of the intervening estate, such as before the death of the life tenant, unless there are words in the will which show that the testator intended to refer to a death occurring before his decease, or at a later date than the termination of the particular estate." Carr v. Carr, 8 Tenn.C.C. A. 406, 410 (1918). See also McCord v. Ransom, 185 Tenn. 677, 207 S.W.2d 581 (1948); Templeton v. Stong, 182 Tenn. 591, 188 S.W.2d 560 (1945); Eckhardt v. Phillips, 176 Tenn. 34, 137 S.W.2d 301 (1940).

With these principles and rules of construction in mind, we think it reasonably evident that, as found by the chancellor, the testator intended that upon his death and that of his wife, his children living at the time would take an unconditional fee simple interest in his entire estate, both real and personal. At the very least,

he intended that upon his youngest child reaching twenty-five years of age, his entire estate would be divided among those children living at the time, with the issue of any deceased child to take the share of such deceased child. Any possible doubt created by the statement in the will relied on by appellant to show a different intent that "To my children one and all I entale them property, should either of them die without a child, then estate to be equally divided between survivors . . .," was eliminated by the statement in the codicil, made after testator's children became of age, that testator wanted his "heirs to devide and settle up his estate among themselves, independent of courts. . . . I have made what I have for my family, and would rather my estate to remain as a whole, until my youngest child Attie becomes twenty-five years old, the proceeds divided among them." The statement in the codicil is in keeping with the statement in the will giving testator's wife a life estate in two tracts of land "to be hers her life time at her death it be divided between my children."

It is noted that the will and codicil of Dr. Horne has been construed by the Supreme Court of Arkansas in Carter v. Taylor, 220 Ark. 818, 250 S.W.2d 122 (1952), and that it also held that the four children of Dr. Horne took a fee simple absolute estate in real property on the death of Dr. Horne, stating:

> "We think there are several things in the language used when considered separately and together, which show very clearly the testator's intent was that his children should take a fee simple title.
>
>   *   *   *   *   *   *
>
> "We entertain little doubt that Dr. Horne was expressing a desire that his children have exclusive and unfettered title to the real property left by him when he said he wanted them '. . . to devide and settle up my estate among themselves, independent of court.' This interpretation of the testator's intent is

confirmed by reference to the first part of his will. . . . There he gave two places to his wife [then living] and said '* * * at her death it be devided between my children.' This being the only directive relative to those two parcels of land, it is not conceivable he meant thereby for his children to get a fee tail title. It is reasonable to assume the testator meant to give the same force and effect to the word 'devide' when he used it in connection with the lands here involved."

It is suggested by appellant in her brief that the children of Dr. Horne, by their conduct, construed the will and codicil contra to the construction placed on the will by the chancellor and in accord with the construction urged by her. We are not persuaded that the facts, as stipulated, support appellant's suggestion. To the contrary, the facts stipulated show the four children, by parol partition shortly after death of testator, divided the real property located in Shelby County into four parts and thereafter performed acts evidencing absolute ownership over that part allotted to him or her. Under Tennessee law, parol partition followed by possession is binding and enforceable. Meacham v. Meacham, 91 Tenn. 532, 19 S.W. 757 (1892); McCauley v. Peoples, 4 Tenn.App. 448, 451 (1927). See also Annotation, 133 A.L.R. 480.

Being of the opinion, the chancellor placed the proper construction on the will of Dr. Horne, the decree of the chancellor is affirmed. The cause is remanded to the Chancery Court of Shelby County generally, and specifically, for determination of issues reserved on the granting of the discretionary appeal.

Costs of the appeal are adjudged against the appellant, Anita Hampton Martin, and her surety.

FONES, C. J., and HENRY, BROCK, and HARBISON, JJ., concur.