ESTATE OF LOUIS JOHNSON, DECEASED, JAMES REEDER JOHNSON, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Johnson v. Commissioner
Docket No. 1385-74.
United States Tax Court
T.C. Memo 1977-123; 1977 Tax Ct. Memo LEXIS 317; 36 T.C.M. (CCH) 539; T.C.M. (RIA) 770123; April 28, 1977, Filed E. J. Ball, for the petitioner. Thomas J. Miller, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: * Respondent has determined a deficiency in estate tax of $147,672.09. Concessions having been made, the sole issue remaining for our decision is whether property passing under decedent's will to the Faye Johnson Trust qualifies for the marital deduction under section 2056. [1]
*318 FINDINGS OF FACT All of the facts have been stipulated and are so found. Those necessary to an understanding of the case are as follows. Louis Johnson (hereinafter decedent) died on May 2, 1972, in Mississippi County, Arkansas. On the date of his death, decedent was a resident of Osceola, Mississippi County, Arkansas. On May 12, 1972, James Reeder Johnson was appointed executor of decedent's estate by the Mississippi County Probate Court. James Reeder Johnson resides in Elaine, Phillips County, Arkansas.Petitioner's United States Estate Tax Return (Form 706) was filed with the Internal Revenue Service Center, Austin, Texas. Decedent was survived by his wife, Faye Johnson (hereinafter Faye). Under Article IV of his will, decedent's residuary estate was left to his executor to be administered and disposed of in the following manner: 1. (a) If my beloved wife, Faye Johnson, survives me, my Executor shall divide my residuary estate into two separate trusts. One trust, designated herein as the Faye Johnson Trust, shall be that fraction of my entire residuary estate which will secure for my estate the maximum marital deduction allowable under the Internal Revenue Code. *319 * * * The remaining fraction of my residuary estate shall be designated the Louis Johnson Trust.Both of said trusts, or, if my beloved wife, Faye Johnson, does not survive me, my entire residuary estate, shall be allocated, conveyed, transferred and delivered to E. M. Radcliffe, James Reeder Johnson and James W. Farris, as Trustees, upon the Trusts set forth below. * * *
2. (a) The Trustees shall pay all the net income of the Faye Johnson Trust to my beloved wife, Faye Johnson, in convenient installments at least as often as quarter-annually during her life. (b) Whenever the Trustees determine that the income of my beloved wife, Faye Johnson, from all sources known to the Trustees is not sufficient for her reasonable support and comfort, the Trustees shall pay to her, or use for her benefit such sums as the Trustees determine to be required for those purposes, from the income of the Louis Johnson Trust. 3.Upon the death of my wife after my death, the Trustees shall distribute the Faye Johnson Trust, as then constituted, to such person or persons, or my wife's own estate, upon such conditions and estates, in trust or otherwise, with such powers, in such manner and at *320 such time or times as she appoints and directs by will specifically referring to this power of appointment, provided that no part of said trust shall be appointed for the benefit of her husband, should she remarry. To the extent that my beloved wife, Faye Johnson, does not effectively exercise her power of appointment, the Faye Johnson Trust shall upon the death of my wife, Faye Johnson, be added to and commingled with the Louis Johnson Trust and held, or distributed in whole or in part, as if it had been an original part of the Louis Johnson Trust. OPINION The narrow issue we must decide is whether Article IV of decedent's will creates a life estate with power of appointment within the meaning of section 2056(b)(5) so as to qualify the property passing to the Faye Johnson Trust (hereinafter the Trust) for the marital deduction. The general rule of section 2056(b) [2] is that no marital deduction shall be allowed for the value of an interest in property where the surviving spouse acquires a life estate or other "terminable interest" in such property. Section 2056(b)(5) [3] carves out an exception to this "terminable interest" rule and provides that where the surviving spouse *321 acquires a life estate in property coupled with a power of appointment, her interest in such property shall not be considered terminable and the marital deduction is allowable. *322 Section 20.2056(b)-5(a), Estate Tax Regs., provides that in order to qualify as a deductible life estate with power of appointment under section 2056(b)(5), the interest passing to the surviving spouse must satisfy all five of the following conditions: (1) The surviving spouse must be entitled for life to all of the income from the entire interest or a specific portion of the entire interest, or to a specific portion of all the income from the entire interest. (2) The income payable to the surviving spouse must be payable annually or at more frequent intervals. (3) The surviving spouse must have the power to appoint the entire interest or the specific portion to either herself or her estate. (4) The power in the surviving spouse must be exercisable by her alone and (whether exercisable by will or during life) must be exercisable in all events. (5) The entire interest or the specific portion must not be subject to a power in any other person to appoint any part to any person other than the surviving spouse. Respondent concedes that the conditions set forth in the above paragraphs (1), (2), and (5) are satisfied. He likewise agrees that Faye has the power to appoint *323 her interest in the Trust to her estate, thus satisfying one of the alternative requirements contained in paragraph (3). However, respondent contends that a close reading of Article IV, paragraph 3 of decedent's will reveals that Faye does not possess the power to appoint her interest in the Trust to her estate "in all events" as required by paragraph (4). It is a well-settled rule of law that in determining whether a power of appointment is exercisable "in all events," the power must be viewed as of the date of decedent's death. Jackson v. United States, 376 U.S. 503 (1964); Starrett v. Commissioner, 223 F. 2d 163 (1st Cir. 1955); Estate of Miller v. Commissioner, 48 T.C. 251, 261 (1967). The specific provision of decedent's will lying at the center of the controversy reads as follows: 3. Upon the death of my wife after my death, the Trustees shall distribute the Faye Johnson Trust, as then constituted, to such person or persons, or my wife's own estate, upon such conditions and estates, in trust or otherwise, with such powers, in such manner and at such time or times as she appoints and directs by will specifically referring *324 to this power of appointment, provided that no part of said trust shall be appointed for the benefit of her husband, should she remarry. * * * [Emphasis supplied.] Respondent's position is that if Faye were to remarry and if her new husband were a beneficiary under her will, she could not appoint the Trust property to her estate because her new husband would thereby benefit from such property. Therefore, respondent reasons that, viewed at the date of decedent's death, Faye's power of appointment was not exercisable "in all events" and that the claimed marital deduction must be disallowed. Petitioner, on the other hand, interprets the above-emphasized proviso as placing a limitation only upon Faye's testamentary power to appoint the Trust property directly to her husband, should she remarry, and not as a limitation to appoint such property to her estate. Thus, the resolution of the issue before us depends upon the proper interpretation to be given to this particular provision in decedent's will. In making such an interpretation, we must place ourselves in the position of the Supreme Court of Arkansas and reach an interpretation identical to that which we think that court *325 would reach. Commissioner v. Estate of Bosch, 387 U.S. 456 (1967). Having neither been cited to nor having found any Arkansas cases directly on point, we must instead be guided by the general rule in Arkansas that, in constructing wills, effect must be given to the intention of the testator and that, in determining such intent, all the provisions of a will should be taken into consideration. Le Flore v. Handlin, 153 Ark. 421, 240 S.W. 712 (1922); Hughes v. Edwards,198 Ark. 673, 130 S.W. 2d 713 (1939); Park v. Holloman, 210 Ark. 388, 195 S.W. 2d 546 (1946). After a careful reading of the entire will, we are convinced that the proper interpretation of the disputed provision is that suggested by respondent and, accordingly, we hold that the claimed marital deduction must be disallowed. First, we note that the proviso in question follows both the power granted to Faye to appoint to "person or persons" and the power to appoint to her estate. Thus, we are of the opinion that the proviso was intended to place a limitation on both such powers. If the proviso were intended only to limit her power to appoint directly *326 to "person or persons," as contended by petitioner, we think it would have been more appropriately placed elsewhere in the sentence to achieve this result.
Second, we are strongly influenced by the statement that no part of the Trust property shall be appointed for the "benefit" of any new husband. The broad and inclusive nature of this word indicates to us that decedent's desire was that under no circumstances should Faye's new husband acquire an interest in the Trust property. Thus, we think decedent's clear intention was that Faye not have the power to pass the Trust property indirectly to her new husband by making him a beneficiary under her will and then appointing such property to her estate. Accordingly, as of the date of decedent's death, Faye's power to appoint the Trust property to her estate was not exercisable "in all events" and the claimed marital deduction is disallowed. Decision will be entered under Rule 155. Footnotes
*. This case was submitted for adjudication under Rule 122, Tax Court Rules of Practice and Procedure.↩ By order of the Chief Judge, dated November 3, 1976, this case was assigned to Judge Bruce M. Forrester for disposition. 1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE. * * *
(b) Limitation in the Case of Life Estate or Other Terminable Interest.-- (1) General Rule.--Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest-- (A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and (B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B))-- (C) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust. For purposes of this paragraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term. ↩
3. (5) Life Estate with Power of Appointment in Surviving Spouse.--In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse-- (A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and (B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse. This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.↩