IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
February 24, 2010 Session

## IN RE: THE ESTATE OF MARY JANE MCLISTER ANDERSON OWEN, Deceased

Direct Appeal from the Chancery Court for Tipton County
No. P-2556     William C. Cole, Chancellor

No. W2009-01531-COA-R3-CV - Filed March 29, 2010

This is a will construction case.  The decedent died testate in July 2008.  The personal representative of the decedent's estate filed this action to construe provisions of the decedent's will concerning the control of specifically devised farm property.  The chancery court determined that the decedent intended for the property to remain subject to the control of her estate pending administration.  Because the unambiguous language of the will pointedly excludes specifically devised real property from the control of the personal representative, we reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Duke Harris Brasfield, Covington, Tennessee, for the appellant, First United Methodist Church of Covington, Tennessee.

Blanchard Everett Tual and Forest J. Dorkowski, Memphis, Tennessee, and J. Houston Gordon, Covington, Tennessee, for the appellee, Estate of Mary Jane McLister Anderson Owen.

**OPINION**

The subject of this appeal is the last will and testament of Mary Jane McLister Anderson Owen, who died testate in July 2008.  The relevant provisions of the decedent's will provide as follows:

## ARTICLE III.
## SPECIFIC BEQUESTS

. . . .

**Section 3.5.** **Charitable Bequests.** I hereby give and bequeath the following devises and legacies to the following charities:

. . . .

G. My farm, consisting of four (4) separate tracts of property, located in Districts 1 and 13 of Tipton County, Tennessee and consisting of approximately four hundred and sixty-seven (467) acres, to the **FIRST UNITED METHODIST CHURCH**, of Covington, Tennessee, to be used or disposed of as a source of income as the Finance Committee and/or Church Council of said Church may deem best to carry on God's work as the years go by.  I have been leasing such farm to **RICHARD KELLEY** for quite a few years and feel that he is one of the best, if not the best, farmers in Tipton County.  It would be my desire for the Church to give **RICHARD KELLEY** the right of first refusal to lease or purchase such farm.  I hope the Church will honor this request.

. . . .

**Section 3.6.** **Specific Bequest of Residence and Contents.**  I hereby give, devise and bequeath my primary residence, located at 419 E. Liberty Avenue, Covington, Tennessee, together with all contents not otherwise bequeathed to **MITCHUM REYNOLDS**, if he shall survive me.

. . . .

## ARTICLE V.
## GENERAL FIDUCIARY POWERS

. . . .

**Section 5.4.** **Real Estate Subject to Administration.**  Except where otherwise specifically devised in this Will, all interests in real property that I may own at the time of my death and that shall pass under this Will shall, during the pendency of the administration of my estate or the earlier distribution or other disposition of such property, be owned by my

estate. My Personal Representative shall have full possession of and exercise full control over such property during such period. Until distribution or other disposition of any such property, my estate shall be entitled to all of the income therefrom and gains from the sale or other disposition thereof and shall discharge all of the responsibilities relating to ownership thereof, including, but not limited to, payment of any taxes with respect thereto and maintenance and repairs thereof. It is my intention that all interests in real property that pass under this Will shall become assets of my probate estate at my death and shall not pass by operation of any law directly to my heirs or devisees under this Will at my death, except such interests as may be otherwise specifically devised in this Will.

In December 2008, the personal representative of the Estate of Mary Jane McLister Anderson Owen ("the Estate") petitioned to construe these provisions as they relate to the right to control of and income from the farm property specifically devised to the appellant, the First United Methodist Church of Covington, Tennessee ("the Church"). The chancery court determined that the decedent intended for the property to remain subject to the control of the personal representative pursuant to section 5.4. of the will and ruled accordingly. The Church filed a motion to set aside the judgment or, in the alternative, to alter or amend the judgment arguing that section 5.4. by its own language does not apply to real property that is "otherwise specifically devised" in the will. The trial court denied the Church's motion and this appeal ensued.

The sole issue on appeal is whether the chancery court erred when it determined that real property specifically devised to the Church remained subject to the control and direction of the personal representative during the administration of the decedent's estate. The construction of a will when there is no conflict as to any material fact is a question of law that we review *de novo*. *In re Estate of Vincent*, 98 S.W.3d 146, 148 (Tenn. 2003) (citing *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993)). The principal rule of will construction is that courts must seek to ascertain and give effect to the intention of the testator unless the resulting construction would contravene public policy. *Martin v. Taylor*, 521 S.W.2d 581, 584 (Tenn. 1975). In applying this rule, courts should determine the testator's intention from "what he has written and not from what it is supposed he intended." *Id.* (citing *Burdick v. Gilpin*, 325 S.W.2d 547, 551 (Tenn. 1959)). "That intention is to be ascertained from the particular words used, from the context, and from the general scope and purpose of the will, read in the light of the surrounding and attending circumstances." *Moore v. Neely*, 370 S.W.2d 537, 540 (Tenn. 1963) (citing *Bell v. Shannon*, 367 S.W.2d 761, 766 (Tenn. 1963); *First Am. Nat'l Bank v. Cole*, 364 S.W.2d 875, 877 (Tenn. 1963); *Hoggatt v. Clopton*, 217 S.W. 657, 659 (Tenn. 1919)).

> [I]f the intention of the testator can be gathered from within the four corners of the will itself, extrinsic evidence can not [sic] be used to create an ambiguity and to be used as a basis for a finding that is contrary to the intention to be gathered from within the four corners of the will.

*Fariss v. Bry-Block Co.*, 346 S.W.2d 705, 707 (Tenn. 1961). "'[N]o proof, however conclusive in its nature, can be admitted with a view of setting up an intention not justified by the language of the writing itself.'" *In re Crowell*, 154 S.W.3d 556, 559 (Tenn. Ct. App. 2004) (quoting *Nichols v. Todd*, 101 S.W.2d 486, 490 (Tenn. Ct. App. 1936)).

The decedent's intention, as expressed in the plain language of her will, is clear and unambiguous as it concerns her desire to exclude specifically devised property from the control of her estate. In Tennessee, "[t]he real property of a testate decedent vests immediately upon death in the beneficiaries named in the will, unless the will contains a specific provision directing the real property to be administered as part of the estate subject to the control of the personal representative." Tenn. Code Ann. § 31-2-103 (2007). The decedent's will contains a specific provision, section 5.4., directing that real property be administered as part of her estate. That provision, however, expressly excludes from its control any real property specifically devised in the will. In fact, the language excepting specifically devised property from the control of the personal representative appears not once, but twice in section 5.4. There is little question whether section 3.5.G. is a specific devise of the decedent's farm property, which the Estate has conceded. Consequently, it is the opinion of this Court that the decedent did not intend for her farm property to remain subject to the control of the personal representative.

The Estate argues that such an interpretation is impermissible because it renders section 5.4. superfluous. We agree that courts should give effect to every word or clause of a will when possible and should reject no word or clause that can be reasonably reconciled with the remainder of the will. *Bell*, 367 S.W.2d at 766 (citing *McClure v. Keeling*, 43 S.W.2d 383, 384 (Tenn. 1931); *Am. Nat'l Bank & Trust Co. v. Mander*, 253 S.W.2d 994, 997 (Tenn. Ct. App. 1952)). However, it is for this very reason we decline to adopt the position of the Estate. We are unwilling to read section 5.4. in a way that would eliminate two separate clauses excepting specifically devised property from the control of the personal representative. Our interpretation does not render section 5.4. superfluous nor does it disregard the provision; rather, it enforces the provision in its entirety. As interpreted, section 5.4. accomplishes two important goals: (1) it eliminates any doubt as to whether the decedent intended for specifically devised property to immediately vest in the beneficiaries named in the will; (2) it provides a mechanism by which to administer any real property that the decedent may have chosen not to include in a specific devise or that the decedent may have acquired after the drafting of the will. The fact that a portion of section 5.4. remains

dormant under the facts does not compel a contrary conclusion. Because the Estate's interpretation of section 5.4. would require this Court to cast aside two separate clauses pertaining to the exclusion of specifically devised property, we reject its position.

The plain language of section 5.4. establishes a clear intention that specifically devised property be excluded from the control of the personal representative. The remaining provisions of the will are consistent with this unequivocal expression of intent. Section 3.5.G., for example, provides the Church with authority to use or dispose of the farm property as a source of income in the Church's discretion. Section 3.5.G., consistent with the exclusion of specifically devised property in section 5.4., also indicates that the authority to offer Richard Kelley the right of first refusal to lease or purchase the farm belongs to the Church. This is in contrast to the language of section 5.4. concerning real property not specifically devised in the will, which provides the personal representative with full possession and control of the such property pending administration. To the extent we read section 3.5.G. as providing discretion to the Church to exercise control over the specifically devised farm property, our construction is consistent with the decedent's intention as expressed in section 5.4.

The Estate contends that a conflict exists between section 3.5.G. and section 5.4. such that the latter provision should control. At times, courts employ auxiliary rules of construction, which are subordinate to the principal rule, to aid the construction of wills. *Martin v. Taylor*, 521 S.W.2d 581, 584 (Tenn. 1975) (citing *Eckhardt v. Phillips*, 137 S.W.2d 301, 304 (Tenn. 1940)). One such rule holds that a subsequent provision in a will controls to the extent it conflicts with an earlier provision. *Id.* (citing *Anderson v. Lucas*, 204 S.W. 989, 992 (Tenn. 1918)). We disagree, however, that any conflict exists between the aforementioned provisions. Even if a conflict existed, resolution of the alleged conflict would not alter our decision because the plain language of section 5.4. excludes specifically devised property from the control of the personal representative. It is the opinion of this Court that the language of the decedent's will, as found within the four corners of the document, expresses an intention to exclude specifically devised property from the control of her estate. We are bound to enforce the will as written.

## Conclusion

For the foregoing reasons, we reverse the decision of the trial court and remand this cause for further proceedings consistent with this opinion. Costs of this appeal are taxed to

the appellee, the Estate of Mary Jane McLister Anderson Owen, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE